THOMAS, J.,
for the Court.
¶ 1. Jennie Craft filed a claim against Millcreek Rehabilitation Center alleging that she suffered an injury to her right foot while in the course and scope of her employment at Millcreek which rendered her permanently and totally disabled. An administrative law judge heard Craft’s claim and decided in her favor on April 19, *510 2001. The employer and carrier appealed to the Full Commission which reversed the administrative law judge’s order on May 21, 2002. Craft then appealed to the Circuit Court of Simpson County which affirmed the Full Commission. Aggrieved, Craft asserts the following issues on appeal:
I. THE FULL COMMISSION ORDER APPLIED THE WRONG LEGAL STANDARD TO APPORTIONMENT AND PRE-EXIST-ING INJURY CLAIMS.
II. THERE IS NO SUBSTANTIAL EVIDENCE TO SUPPORT THE FULL COMMISSION’S ORDER OR THE CIRCUIT COURT’S ORDER AFFIRMING IT, AND THE SAME ARE AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE SUCH THAT THEY ARE ARBITRARY AND CAPRICIOUS.
Finding no error, we affirm.
FACTS
¶ 2. Jennie Craft, at the time of the hearing, was a fifty-five-year-old resident of Simpson County, Mississippi, with a twelfth grade education. Craft worked at MagneTek, Inc. for thirty-one years, during which time she developed problems with her right foot. She had surgery on her foot in 1989 and again in 1997. After the MagneTek plant closed in May 1998, Craft filed a worker’s compensation claim against MagneTek on June 9, 1998, alleging disability due to an injury to her right foot suffered on the job. Craft was hired by Millcreek Rehabilitation Center on November 16, 1998, and worked there until March 15, 1999. In April 1999, the administrative law judge denied Craft’s claim against MagneTek. Craft appealed and MagneTek subsequently reached a monetary settlement with Craft.
¶ 3. Craft filed a claim against Millcreek on June 1, 1999, alleging that she suffered an injury to her right foot while in the course and scope of her employment at Millcreek which rendered her permanently and totally disabled. She alleged that the extra walking and standing at Millcreek aggravated her foot. An administrative law judge heard Craft’s claim and decided in her favor on April 19, 2001. The employer and carrier appealed to the Full Commission which reversed the administrative law judge’s order on May 21, 2002. Craft then appealed to the Circuit Court of Simpson County which affirmed the Full Commission. Craft then perfected an appeal to this Court.
I. DID THE FULL COMMISSION APPLY THE WRONG LEGAL STANDARD TO APPORTIONMENT AND PRE-EXISTING INJURY CLAIMS?
II. IS THERE SUBSTANTIAL EVIDENCE TO SUPPORT THE FULL COMMISSION ORDER’S OR THE CIRCUIT COURT’S ORDER AFFIRMING IT, AND ARE THE DECISIONS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE SUCH THAT THEY ARE ARBITRARY AND CAPRICIOUS?
¶ 4. Craft argues that both the Full Commission and circuit court erred in applying the wrong legal standard regarding apportionment and pre-existing injury claims, and that there was not substantial evidence to support their decisions. Craft asserts that an injury is not compensable until such time as the injury manifests itself in an occupational disability. Stuart’s, Inc. v. Brown, 543 So.2d 649, 655 (Miss.1989). Craft asserts that “a ‘preexisting physical handicap, disease, or lesion’ which did not impair wage earning capacity ex ante by definition cannot be that which impairs wage earning capacity ex *511 post.” Id. at 655. “When an injury develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation.” United Methodist Senior Services v. Ice, 749 So.2d 1227, 1230(1110) (Miss.Ct.App.1999).
¶ 5. Our scope of review is limited to a determination of whether or not the decision of the Full Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, 752 So.2d 444, 447(¶ 7) (Miss.1999). This Court acts as a court of review and is prohibited from hearing evidence or otherwise evaluating evidence and determining facts. Id. “Substantial evidence, though not easily defined, means something more than a ‘mere scintilla’ of evidence, and that it does not rise to the level of ‘a preponderance of the evidence.’ ” Id. at 448(¶ 7). The Commission sits as the “ultimate finder of facts” in deciding compensation cases; therefore, “its findings are subject to normal, deferential standards upon review.” Natchez Equip. Co., Inc. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). Matters of law are reviewed under the de novo standard of review. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308(¶ 12) (Miss.1997). We will only reverse the Commission’s rulings where issues of fact are unsupported by substantial evidence and matters of law are clearly erroneous. Westmoreland, 752 So.2d at 448(¶ 8).
¶ 6. The Full Commission found that Craft had only worked two weeks at Mill-creek when she claimed to have suffered a disabling injury to her foot. In her claim against MagneTek, Craft alleged that the injury to her foot was the result of cumulative physical activity extending .over a thirty-year period, with the alleged onset of June 1, 1989. Craft had surgery in 1989 and returned to work at MagneTek after a few months. Craft again had surgery in 1997 and again returned to work after missing a few months. The administrative law judge in the MagneTek claim denied Craft compensation because she had not sustained an occupational disability since she continued to return to work. In her sworn testimony on April 1, 1999, Craft testified that she believed her employment with MagneTek caused her foot and leg problems. Craft only worked three days a week for a total of twenty-four hours at Millcreek, and claimed that her preexisting foot problems prevented her from performing the work she was assigned at Millcreek. Dr. Lane Rolling testified that traumatic arthritis can be aggravated by certain injuries or occupations, and that in his opinion her thirty-year employment with MagneTek contributed to her foot problem. The administrative law judge found that Craft failed to prove a work injury to her foot. Craft failed to give MagneTek notice until after the plant had closed. Also, her claim against MagneTek would have failed due .to the statute of limitations. Craft claimed an onset date of June 1, 1989, but did not file a petition to controvert until June 1998.
¶ 7. United Methodist Senior Services v. Ice, cited above, is similar to the case at hand. ' In United Methodist, the claimant suffered a back injury while working at United Methodist Senior Services. After reaching maximum medical improvement, the claimant took a job at a department store which required a lot of standing and which she asserted caused a great deal of discomfort due to her back problems. Id. at 1228-29 (¶¶ 2-3). The claimant sought compensation solely from United Methodist Senior Services and the administrative law judge, Full Commission, and circuit court agreed with her and *512 held the first employer responsible. In affirming the circuit court, this Court adopted both the “last injurious exposure” as well as the “intervening cause” rules. Id. at 1231(¶ 13). The “last injurious exposure” rule requires proof that something occurred during the subsequent employment that had a causal relation to the disability. Id. at 1230(¶ 10). The “intervening cause” rale requires the subsequent employment to “independently contribute to the disability” in order be held liable. If the subsequent employer “does not contribute even slightly to the causation of the disabling injury, ‘the first employer remains liable for all.’ ” Id. at 1231(¶ 12) (quoting 4 LARSON, WORKMEN’S COMPENSATION § 95.23, at 17-185).
¶ 8. Like the claimant in United Methodist, Craft claimed that working for her subsequent employer aggravated her injuries. Also, Craft related no specific injury or aggravating factor, but instead claimed she suffered due to additional standing and walking. Although the Commission did not refer to the “intervening cause” rale, it did find that any aggravation Craft may have suffered at Millereek did not independently contribute to her final disability. The Commission did refer to the “last injurious exposure” rule, and found that Craft presented no evidence other than her own testimony linking her employment with Millereek to her injury. The Commission examined Craft’s testimony in her claim against MagneTek which directly contradicted her testimony in her claim against Millereek, and found that her claim against Millereek was made in the face of undisputed facts which show her foot bothered her so severely while employed at MagneTek that she underwent two surgeries and incurred several periods of disability.
¶ 9. The Full Commission applied the correct legal standard and there was substantial evidence to support its order. Finding no error, we affirm the Full Commission and the circuit court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and GRIFFIS, JJ., CONCUR.